**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30808
Summary Calendar

MARTY LUCAS,

Plaintiff-Appellant,

VERSUS

CHARLES ARTHUR, ET AL,

Defendants,

CHARLES ARNOLD; POLY TRUCKING, INC.,

Defendants-Appellees.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

SCOTTIE LUCAS; TERRY LUCAS,

Plaintiffs-Appellants,

VERSUS

POLY TRUCKING, INC., ET AL.,

Defendants,

CHARLES ARNOLD; POLY TRUCKING, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(95-CV-879)

June 24, 1998

Before WISDOM, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs, Marty, Scottie, and Terry Lucas, appeal from a jury verdict against them in this automobile collision case.[2] They argue that the district court erred in admitting evidence of prior accidents and settlements involving Scottie and Marty Lucas. They also argue that the evidence does not support the jury's finding that no collision occurred. We affirm.

The district court has broad discretion to determine whether evidence is admissible.[3] We review the district court's decision to admit the evidence of prior accidents and settlements involving Scottie and Marty Lucas for abuse of discretion.[4] We conclude that the district court did not err. The plaintiffs placed their medical conditions at issue when they asserted that they were injured in the alleged collision. The defendants offered the evidence of prior accidents as alternative explanations of the source of the plaintiffs' medical conditions. In each of those prior accidents, the plaintiffs alleged that they received back injuries, just as they allege in the present case. The plaintiffs also recovered damages for their pain, including awards for lost wages. This evidence was highly relevant in the present case. The evidence tended to show that the plaintiffs complaints were the result of pre-existing conditions and that they had been compensated for this physical harm and lost wages resulting from those injuries. Without this information, the jury could not assess fairly the extent of any damage suffered by the plaintiffs in the alleged accident.

We also find that the jury's finding that no collision occurred is supported by the evidence.[5] The testimony showed that both the plaintiffs' car and the defendant's truck were stopped on a flat road. After the alleged collision, the vehicles showed little, if any, damage.[6] The incident appeared

---

[2]  The plaintiffs filed suit in state court, but the defendants removed this case to the federal district court in Alexandria, Louisiana, invoking the court's diversity jurisdiction. 28 U.S.C. § 1332.

[3]  *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998).

[4]  *Id.*

[5]  We review a jury's findings in the light most favorable to the jury's verdict. We will overturn a finding only if a reasonable trier of fact could not have concluded as the jury did. *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997).

[6]  The only witnesses that testified to seeing an accident were members of the Lucas family.

2

to be so minor that the police officer who investigated the accident prepared a report only after Scottie Lucas asked the officer about what to do in case he was injured. Furthermore, both Marty and Scottie Lucas went hunting immediately after the incident. They did not complain of any injury until sometime after the hunting trip. Based upon this evidence, we find that a reasonable jury could conclude that no accident occurred.

The judgment of the district court is AFFIRMED.